# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

October 24, 2023

**VIA ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Luna Zuniga et al v. William James Bushell Corp. et al*
         **Case No.: 1:23-cv-01923-GHW**

Dear Honorable Judge Woods:

  This law firm represents Plaintiffs Carlos Luis Munoz Newman, Edwin Arnaldo Marca Rocano, Jorge Ignacio Luna Zuniga, Jose Luis Martinez, and Milton Danilo Sanchez Guachun (collectively, the "Plaintiffs") in the above-referenced action. This letter is submitted jointly with Defendants William James Bushell Corp., Nicholas Benhammou, and James Bushell (a/k/a William Bushell) (collectively, the "Defendants").

  Pursuant to the directives contained in Your Honor's October 23, 2023 Order [Dckt. No. 35], the parties hereby submit the following joint letter.[1]

  A copy of the parties' proposed Civil Case Management Plan and Scheduling Order is annexed hereto as Exhibit "A".

  **I.**  **Statement of the Nature of the Case**

  **A.** **Plaintiff's Position Statement**

  This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL"), brought by five (5) individuals against their former employers for violations of federal and state wage-and-hour laws.

  Defendants operate a solar photovoltaic (*i.e.*, solar panel) system installation companies known as: (i) Radiant Solar; and (ii) Solar Program. According to the operative complaint [Dckt. No. 1] (the "Complaint", or the "*Compl*"), Plaintiffs were paid a flat hourly rate, regardless of how many hours they worked each week. Moreover, certain Plaintiffs were not paid ***any*** wages for certain periods of their employment.

  In addition to Plaintiffs' unpaid minimums and overtime wages, Plaintiffs are similarly situated in that they did not receive proper wage notices or wage statements under §§ 195 and 198 of the NYLL's Wage Theft Prevention Act ("WTPA").

---

[1] The parties wish to apologies to the Court for the slight delay in the filing of the instant joint status letter.

The five (5) Plaintiffs worked at Radiant Solar and Solar Program, as follows:

| Plaintiff | Start | End | Avg. Hours / Week[2] | Reg. Rate of Pay | OT Rate of Pay |
|---|---|---|---|---|---|
| **Carlos Luis Munoz Newman** | 7/1/2022 | 12/31/2022 | 50.0 | $28.00 | $28.00 |
| | 1/1/2023 | 1/31/2023 | 50.0 | $28.00 | $28.00 |
| | 2/1/2023 | 2/8/2023 | 50.0 | $0.00 | $0.00 |
| | | | | | |
| **Edwin Arnaldo Marca Rocano** | 8/1/2021 | 8/31/2021 | 50.0 | $18.00 | $18.00 |
| | 9/1/2021 | 10/31/2021 | 50.0 | $20.00 | $20.00 |
| | 11/1/2021 | 12/31/2021 | 50.0 | $22.00 | $22.00 |
| | 1/1/2022 | 2/28/2022 | 50.0 | $22.00 | $22.00 |
| | 5/1/2022 | 12/31/2022 | 50.0 | $22.00 | $22.00 |
| | 1/1/2023 | 2/6/2023 | 50.0 | $22.00 | $22.00 |
| | 2/7/2023 | 2/10/2023 | 50.0 | $0.00 | $0.00 |
| | | | | | |
| **Jorge Ignacio Luna Zuniga** | 9/13/2022 | 12/31/2022 | 50.0 | $20.00 | $20.00 |
| | 1/1/2023 | 2/6/2023 | 50.0 | $20.00 | $20.00 |
| | 2/7/2023 | 2/10/2023 | 50.0 | $0.00 | $0.00 |
| | | | | | |
| **Milton Danilo Sanchez Guachun** | 10/15/2022 | 12/31/2022 | 50.0 | $20.00 | $20.00 |
| | 1/1/2023 | 2/6/2023 | 50.0 | $20.00 | $20.00 |
| | 2/7/2023 | 2/10/2023 | 50.0 | $0.00 | $0.00 |
| | | | | | |
| **Jose Luis Martinez** | 1/1/2023 | 5/31/2023 | 50.0 | $20.00 | $20.00 |

B. **Defendant's Position Statement**

Defendant via its Counsel Yifat V. Schnur Esquire of YVLS Law would like to apologize to Your Honor and the Court for the late submission of this joint statement.

Defendant disputes Plaintiff's claims of hours unpaid and further disputes alleged payments due for overtime. These alleged claims arose when Plaintiffs were terminated from employment due to the fact they stole tools and equipment, failed to show up to job sites, failed to perform the services they were hired to perform in a professional manner – which directly damaged Defendant's in that the work need to be redone. Moreover, Plaintiffs claimed they working hours they did not in fact work, claimed to be on the job site when they were not in fact there and were paid wages in accordance with New York State law. To the extent that any miscalculations were made it was due to sheer error and any outstanding amount was promised to Plaintiffs – when they returned the tools and equipment they stole from Defendants.

---

[2] Each Plaintiff typically worked a set schedule of worked five (5) days a week: from approximately 8:00 a.m. to 6:00 p.m., for a total of approximately 10 hours each day, and for a total period of approximately 50 hours during each of the weeks, respectively.

## II. Subject Matter Jurisdiction & Venue

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and may exercise supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a). This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## III. Anticipated Motions

Plaintiffs anticipate filing a motion for (partial) summary judgment.

## IV. Status of Discovery

Pursuant to the June 20, 2023 Mediation Referral Order entered by the Honorable District Judge Gregory H. Woods [Dckt. No. 31], Defendants were to produce the following documents, on or before July 18, 2023:

1. Existing documents that describe Plaintiff's duties and responsibilities.

2. Any existing records of wages paid to and hours worked by the Plaintiffs (*e.g.*, payroll records, time sheets, work schedules, wage statements and wage notices).

3. Any existing documents describing compensation policies or practices.

4. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status, to the extent Defendants' position is that finances should be considered in evaluating a settlement position.

On July 18, 2023, at 10:56 a.m., the undersigned emailed counsel for Defendants, in pertinent part, as follows:

> "[Yifat],
>
> Pursuant to the Hon. Judge Gregory H. Woods' June 20, 2023 Mediation Referral Order [Dckt. No. 31], Defendants are to produce [aforementioned four (4) categories of] documents on before today, July 18, 2023[…]
>
> Please advise on the status of Defendants' production, to avoid unnecessary Court intervention…"

As of the date of this filing, Defendants have not produced any documents.

Thus, Defendants have not satisfied their obligation to maintain "records of employee wages, hours, tips, and other conditions and practices of employment." 29 U.S.C. § 211(c); 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 142–2.6.

**V.**     **Computation of Damages Claimed**

A true and correct copy of Plaintiffs' alleged damages, exclusive of attorneys' fees and costs, is annexed hereto as Exhibit "B".

**VI.**    **Settlement Discussions, and Alternative Dispute Resolution Mechanism**

The parties appeared for a virtual mediation on September 20, 2023, beginning at 10:00 a.m., before mediator Gregory A. Blue ("Mediator Blue").

At approximately 10:23 a.m., Mediator Blue unilaterally terminated the virtual mediation, on the basis that "[he] had limited time," and because believed that the parties "had scheduling conflicts."

On Mediator Blue's recommendation that the parties "reschedule[] [the mediation] for another time[,]" the parties emailed Mediator Blue on October 17, 2023, requesting his availability for a continued mediation on or around October 23, 2023. Mediator Blue declined to reschedule the virtual mediation, on the basis that this action was removed from the mediation program.

Thus, the parties respectfully request a re-referral to Court-annexed mediation, so they can reschedule the September 20, 2023 mediation.

**VII.**   **Conclusion**

Thank you, in advance, for your time and attention to this matter.

                                                                                    Respectfully submitted,

| | |
|---|---|
| LEVIN-EPSTEIN & ASSOCIATES, P.C. | YIFAT V. SCHNUR ESQUIRE LLC |
| By: */s/ Jason Mizrahi* | By: */s/ Yifat V. Schnur* |
|   Jason Mizrahi, Esq. |   Yifat V. Schnur, Esq. |
|   60 East 42nd Street, Suite 4700 |   26 Broadway, 19th Flr. |
|   New York, New York 10165 |   New York, NY 10004 |
|   Tel. No.: (212) 792-0048 |   Tel. No.: (347) 268-5347 |
|   Email: Jason@levinepstein.com |   Email: Yifat@yvlslaw.com |
|   *Attorneys for Plaintiff* |   *Attorneys for Defendants* |

VIA ECF: All Counsel